**Nicholas J. DuBOIS, Appellant**

v.

**WASHINGTON MUTUAL BANK,**
**et al., Appellees.**

No. 10–5333.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 8, 2012.

Nicholas J. Dubois, Vernon, NJ, pro se.

David Samuel Panzer, Precious Murchison Gittens, Esquire, Greenberg Traurig, LLP, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, Fred Robert Troll, Jr., Esquire, O'Malley, Miles, Nylen & Gilmore, Calverton, MD, Russell Jay Pope, Esquire, Pope & Hughes, Towson, MD, Fred Robert Troll, Jr., Esquire, J. Scott Watson, Counsel, Larry L. Goodman, Federal Deposit Insurance Corporation, Arlington, VA, Joseph Stanton Abrenio, Esquire, Leclairryan, Alexandria, VA, for Defendant–Appellee.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Nicholas J. DuBois brought various state and federal claims against numerous defendants in the United States District Court for the District of Columbia. The claims related to a mortgage obtained by DuBois on a property in the State of New Jersey. Concerning DuBois' state claims, the District Court concluded that District of Columbia choice-of-law rules applied, requiring application of the District of Columbia's three-year statute of limitations. Finding that none of DuBois' claims accrued after January 2006, and that DuBois did not file his complaint in District Court until November 2009, i.e., more than three years later, the District Court concluded that DuBois' state claims were barred by the District of Columbia's three-year statute of limitations.

On appeal, DuBois argues in effect that it was improper for the District Court to apply District of Columbia choice-of-law rules, and instead the choice-of-law rules of the State of New Jersey, with a six-year statute of limitations, should have been applied. We disagree. When a federal court must decide issues regulated only by state law, the court "applies the forum state's choice-of-law rules and the state statute of limitations indicated thereby." *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1463 (D.C.Cir. 1995). Here, the "forum state" is the District of Columbia. We conclude that the District Court correctly applied District of Columbia choice-of-law rules and the three-year statute of limitations indicated.

DuBois argues alternatively that his state claims survive even under the District of Columbia's three-year statute of limitations. In support of this argument DuBois alleges ongoing acts that occurred within the three-year period prior to the filing of his Complaint in November 2009. We find these allegations without merit. As noted above, the latest time the District

Court found that DuBois was aware of the defendants' alleged improprieties was January 2006, and we see nothing in DuBois' Complaint that casts doubt on the District Court's finding. We conclude that the District Court correctly held that DuBois' state claims do not survive the three-year statute of limitations. All of DuBois' additional claims are likewise without merit.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See Fed R.App. P. 41(b); D.C.Cir. R. 41.